UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60008
_____

FELECIA CRAFT-PALMER,

Plaintiff-Appellant,

versus

STATE FARM INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(1:97-CV-345-GR)
_____

August 27, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this appeal, Ms. Craft-Palmer objects to the district court's grant of judgment as a matter of law on her Title VII claims against State Farm, for whom she has served as an insurance agent. The district court held that she is an independent contractor, not an "employee" within the meaning of Title VII, and thus that it lacked jurisdiction over her complaint. We find no error and affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court properly applied this circuit's "hybrid economic realities/common law control test" to determine whether State Farm is Craft-Palmer's "employer". Fields v. Hallsville Independent School District, 906 F.2d 1017, 1019 (5th Cir. 1990). Under that test, the "right to control" the details and means by which the work is to be performed is the "most important factor." Id.

Under Craft-Palmer's contract with State Farm, she is repeatedly designated as an independent contractor rather than an employee. State Farm controls no details of the manner or means in which she executes her business, runs her office, determines her work schedule or clients, or hires or fires employees. The fact that State Farm furnishes insurance forms, provides life insurance and major medical insurance, can accept or reject a prospective policy holder, and required her to be an exclusive agent are minor matters and not determinitive. Other courts have uniformly held, in circumstances less compelling than those before us, that independent insurance agents are not as a matter of law "employees" for Title VII purposes. See, e.g., Oestman v. National Farmers Union Ins. Co., 958 F.2d 303 (10th Cir. 1992); Knight v. United Farm Bureau Mut. Ins. Co., 950 F.2d 377, 378 (7th Cir. 1991). Craft-Palmer has cited no cases finding that an insurance agent like herself was an employee covered by Title VII.

Craft-Palmer also contends that the district court should have granted her an opportunity for discovery in response to State

2

Farm's summary judgment motion. She never sought discovery pursuant to Rule 56(f); this contention is meritless.

Craft-Palmer does not appeal the district court's rejection of her state-law claims.

For these reasons, the judgment of the district court is AFFIRMED.